UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
CAZE D. THOMAS,                                            :
                                                           :   Case No. 23-CV-10013 (VSB)
                                          Plaintiff,       :
                                                           :
              - against -                                  :
                                                           :
FENNEAS O'CONNELL; BILLIE EILISH;                          :
INTERSCOPE RECORDS/DARKROOM                                :
RECORDS; UNIVERSAL MUSIC GROUP;                            :
UNIVERSAL MUSIC GROUP HOLDING                              :
COMPANY,                                                   :
                                                           :
                                          Defendants.      :
                                                           :
-----------------------------------------------------------X
                                                           :
CAZE D. THOMAS,                                            :
                                                           :
                                                           :   Case No. 24-CV-2222 (VSB)
                                          Plaintiff,       :
                                                           :   **OPINION & ORDER**
              - against -                                  :
                                                           :
UNIVERSAL MUSIC GROUP; JUSTIN                              :
BIEBER                                                     :
                                                           :
                                                           :
                                          Defendants.      :
                                                           :
-----------------------------------------------------------X

Appearances:

Caze D. Thomas
New York, NY
*Pro se Plaintiff*

Jacob Douglas Albertson
Alexandra Anfuso
Mitchel, Silberg & Knupp LLP
New York, NY

Nicholas Joseph Tardif
Universal Music Group, Inc.
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

This is a copyright infringement action filed by pro se Plaintiff Caze D. Thomas. (*See* Doc. 1.)[1] Pro se Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 26.) Before me is Defendants' request that the dismissal be with prejudice pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure. (Doc. 27.) Because I do not have subject matter jurisdiction over this matter, Defendants' motion that the dismissal be with prejudice is DENIED.

## I.    Procedural History

On November 13, 2023, Plaintiff filed this action against Billie Eilish,[2] Finneas O'Connell,[3] Interscope Records/Darkroom Records, Universal Music Group, and Universal Music Group Holding Company, with copyright claims involving a song titled *Therefore I Am*. (Doc. 1.) On March 19, 2023, Plaintiff requested to add Justin Bieber as a defendant, with copyright allegations involving a song titled *Peaches*. (Doc. 8.) On that same date, Plaintiff filed a new action (the "*Bieber* Action") in this District against Justin Bieber and Universal Music Group, with identical copyright claims related to the song *Peaches*. *See Thomas v. Universal Music Group et al.*, (S.D.N.Y. Case No. 24-CV-2222). On April 3, 2024, I

---

[1] Unless otherwise noted, all record citations refer to case No. 24-CV-10013.

[2] The complaint named "Billy Eilish" and "Finneas Eilish," among others, as defendants. (Doc. 1.) On February 27, 2024, I directed, under Rule 21 of the Federal Rules of Civil Procedure, to substitute Billie Eilish as a Defendant, for Defendant Billy Eilish, and Fenneas O'Connell as a Defendant, for Defendant Fenneas Eilish. (Doc. 5.)

[3] Defendants note that Finneas O'Connell was erroneously named as Fenneas O'Connell. (Doc. 27 at 1.) In light of Plaintiff's pro se status and clear intention to bring claims against Finneas O'Connell, I refer to Fenneas O'Connell as Finneas O'Connell.

2

consolidated the *Bieber* Action with and into this action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because the two cases "involve common questions of law and fact such that consolidation is in the interests of efficiency and judicial economy." (Doc. 9 at 2.)

On August 23, 2024, Plaintiff filed a notice of voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 26.) On September 12, 2024, Defendants submitted a letter requesting that the dismissal be "**with prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(B)." (Doc. 27 at 1 (emphasis in original).) Defendants point out that Plaintiff filed a separate lawsuit in this Court against Defendants Universal Music Group and Billie Eilish, *Thomas* v. *Twitter Corp. Office, et al.* (S.D.N.Y. Case No. 22-CV-5341), asserting an "identical claim to the instant action—copyright infringement based on Defendants' exploitation of the sound recording *Therefore I Am*," and then voluntarily dismissed the case. (*Id.*)[4] Defendants then argue that Plaintiff's voluntary dismissal of that previous action renders Plaintiff's voluntary dismissal in this action as an "adjudication on the merits" pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). (*Id.*)[5]

## II.     Legal Standard

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure states that a plaintiff can dismiss an action "without a court order" through "a notice of dismissal before [defendants] serve[] either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any

---

[4] I can take judicial notice of another case filed in this District. "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

[5] Although this action is consolidated with the *Bieber* Action, Plaintiff's notice of voluntary dismissal relates to this action. Nor do Defendants request that Plaintiff's voluntary dismissal be imputed to the *Bieber* Action. Accordingly, I do not opine on whether there is any dismissal of claims or defendants in the *Bieber* Action.

federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).  This Rule is the basis of the so-called "two dismissal rule."  *See, e.g.*, *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1016 (2d Cir. 1976).

Subject-matter jurisdiction is a "court's statutory or constitutional power to adjudicate the case."  *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 915 (2d Cir. 2022) (internal quotation marks omitted).  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

For the reasons below, I conclude that I lack subject-matter jurisdiction in this case and therefore do not have the authority to rule on Defendants' request.

### III.    Discussion

"The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)[(A)(i)] automatically terminates the lawsuit.  No action by the court is necessary to effectuate the dismissal."  *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979).  "This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of court closing the file."  *Id.* at 1176 (internal quotation marks omitted).

Here, Plaintiff filed the notice of voluntary dismissal, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, before any defendant filed an answer or motion for summary judgment.  (Doc. 26.)  Defendants do not dispute this.  "In such a case, the plain text of the rule provides that dismissal is without prejudice, and affords no discretion in this respect to

the district court." *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 824 (2d Cir. 2014) (internal quotation marks omitted). A dismissal with prejudice would constitute an "error" that is "grounds for vacatur and remand." *Id.* If Plaintiff were to file a new action with the same claims, the district court there "may decide whether the notice of dismissal filed in this case 'operates as an adjudication on the merits.'" *Honig v. Cohen*, No. 23-CV-10243, 2024 WL 343028, at *4 (S.D.N.Y. Jan. 30, 2024). Because I lack subject-matter jurisdiction, I cannot rule on whether the notice of voluntary dismissal here is an adjudication on the merits warranting dismissal with prejudice.

**IV.   Conclusion**

For the reasons stated above, Defendants' request to dismiss the action with prejudice, (Doc. 27), is DENIED.

The Clerk of Court is respectfully directed to terminate the pending motion to dismiss (Doc. 19), close the case (Case No. 23-CV-10013), and to mail a copy of this order to the pro se Plaintiff.

SO ORDERED.

Dated: November 21, 2024
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge